# EXHIBIT #2

| | |
|---|---|
| **From:** | Neylan, Elisabeth J (CIV) |
| **To:** | Nora Passamaneck; Korgaonkar, Natasha |
| **Cc:** | Liebowitz, Benjamin; Muqaddam, Rabia; Levine, Zoe; Finnuala Tessier; David Moskowitz; Tresnowski, Michael; Weaver, Robert; Kathryn Sabatini; pmeosky; Warden, Andrew (CIV) |
| **Subject:** | RE: New York, et al. v. DOJ, et al., 1:25-cv-00499 |
| **Date:** | Friday, October 31, 2025 9:01:34 AM |
| **Attachments:** | image001.png |

Dear Nora,

Thank you for sharing draft language. We are indeed truly willing to stand by the representations in our brief. We think those representations, as well as the challenged provision, speak for themselves. So we are not inclined to agree to the terms that you propose (which go beyond the representations we made in briefing), and we do not think further discussion would be productive at this time.

Thank you,
Elisabeth

**From:** Nora Passamaneck <Nora.Passamaneck@coag.gov>
**Sent:** Wednesday, October 29, 2025 4:39 PM
**To:** Neylan, Elisabeth J (CIV) <Elisabeth.J.Neylan@usdoj.gov>; Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kathryn Sabatini <Ksabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>
**Subject:** [EXTERNAL] RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Hi Elisabeth,

Following up on our discussion, I wanted to provide some proposed language for a stipulation to resolve this action. We are still waiting for all States' input, but given the timing wanted to provide a starting point and see if further discussion would be helpful.

We believe a stipulation is appropriate. Plaintiff States brought this action after Defendants repeatedly indicated that the Legal Services Condition applies to all DOJ grants. At no point did Defendants offer the interpretation you now provide in your Omnibus Motion to Dismiss/Opposition. If Defendants are truly willing to stand by your representations in your brief, then a stipulation should not be an issue. Below, we propose some language based on your representations, as well as to address any other latent ambiguities. As I referenced in our call, this procedure and stipulation is similar to

what the parties entered into in *California v. McMahon*, 1:25-cv-00329 (D. R.I.), which was also before Judge DuBose. Of course, we are happy to discuss and welcome any line edits. Best, Nora

Proposed stipulation:

1. Defendants agree that the Legal Services Condition does not apply where disallowance would contravene any express requirement of any law or of any judicial ruling, including:
   a. the Legal Services Condition does not apply to VOCA Victim Assistance and VAWA grants;
   b. the Legal Services Condition does not apply to criminal defense services provided to any indigent criminal defendant, as required by the Sixth Amendment, *see, e.g. Gideon v. Wainwright*, 372 U.S. 335 (1965); *Strickland v. Washington*, 466 U.S. 668 (1984); *Padilla v. Kentucky*, 559 U.S. 356 (2010);
   c. the Legal Services Condition does not apply to any legal services as required to be provided by any federal or state law or regulation;
2. Defendants agree that "legal services" is specifically limited to services provided by licensed lawyers, in their roles as lawyers and in the context of an attorney-client relationship, and not to any services that may be provided by individuals not licensed to practice law, such as "victim assistance," "legal assistance," and "intervention and related assistance."
3. These stipulations apply to all DOJ grants and are specifically for the benefit of Plaintiffs, their political subdivisions and instrumentalities, and all their subgrantees.
4. On the basis of agreements set forth, the Parties agree that the Complaint shall be dismissed without prejudice;
5. All parties will bear their own fees and costs; and
6. The Court retains jurisdiction to enforce the terms of the stipulation.

**Nora Passamaneck**
Pronouns: she/her/hers
Colorado Department of Law
P: 720-508-6633 | Nora.Passamaneck@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Neylan, Elisabeth J (CIV) <Elisabeth.J.Neylan@usdoj.gov>
**Sent:** Tuesday, October 28, 2025 1:06 PM
**To:** Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <Nora.Passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kathryn Sabatini <Ksabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>
**Subject:** RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Hi all,

It was very nice to meet you earlier today. I wanted to circle back regarding some of the issues we discussed. First, we do not have flexibility with the 11/14 enforcement date, and we are fine with your PI Reply being due 10/31. Second, we are open to seeing language you propose in terms of a stipulation, but we don't typically enter into stipulations of the kind that you are suggesting, and we think our position is clear in the brief. Consistent with that position, we don't anticipate there being any issues with reimbursements under VAWA programs or VOCA Victim Assistance grants, but of course, please let us know if anything arises. Finally, we can revisit a briefing schedule for the motion to dismiss if needed later this week or sometime next week.

Please let me know if you have any questions.

Thank you,
Elisabeth

**From:** Neylan, Elisabeth J (CIV)
**Sent:** Monday, October 27, 2025 4:30 PM
**To:** 'Korgaonkar, Natasha' <Natasha.Korgaonkar@ag.ny.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>; Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Hi Natasha,

We are fine with your consolidated brief being due 11/5, and we'd propose that we file any reply on or before 11/10. I'm happy to discuss further on our call and am free tomorrow any time after 1:00

pm.

Thank you,
Elisabeth

---

**From:** Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>
**Sent:** Monday, October 27, 2025 2:59 PM
**To:** Neylan, Elisabeth J (CIV) <Elisabeth.J.Neylan@usdoj.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>; Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** [EXTERNAL] RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Elisabeth,

Thanks for your email. As you know, the enforcement date is currently November 14. Our PI Reply is due this Wednesday 10/29, and our MTD opposition is due 11/5. What were you thinking in terms of extension – a consolidated brief due 11/5? We are cognizant of ensuring the Court has enough time with the briefs, while also allowing the parties to explore the possibility of resolving this litigation in light of the representations in your brief. But if Defendants wish to file a reply, that will not leave the Court enough time to address all issues. Are Defendants contemplating forgoing a reply?

Perhaps a call to discuss schedule (and potential resolution) would be helpful. Can you please let us know your availability this afternoon or tomorrow?
Natasha

---

**From:** Neylan, Elisabeth J (CIV) <Elisabeth.J.Neylan@usdoj.gov>
**Sent:** Monday, October 27, 2025 8:58 AM
**To:** Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>; Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Hi Natasha,

We won't be able to postpone enforcement of the challenged provision again, but we are willing to afford you extra time to file a consolidated opposition to the motion to dismiss and reply in support of the PI motion. We think this approach would achieve the most efficient presentation and resolution of the issues. Please let us know your thoughts.

Thank you,
Elisabeth

---

**From:** Neylan, Elisabeth J (CIV)
**Sent:** Friday, October 24, 2025 5:04 PM
**To:** 'Korgaonkar, Natasha' <Natasha.Korgaonkar@ag.ny.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>; Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

Hi Natasha,

Thank you for your message. We will confer and get back to you.

Sincerely,
Elisabeth

---

**From:** Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>
**Sent:** Friday, October 24, 2025 2:09 PM
**To:** Neylan, Elisabeth J (CIV) <Elisabeth.J.Neylan@usdoj.gov>; Warden, Andrew (CIV) <Andrew.Warden@usdoj.gov>; Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** [EXTERNAL] RE: New York, et al. v. DOJ, et al., 1:25-cv-00499

I received out of office replies from both Elisabeth and Andrew, so I've added Alex Haas to the chain.

Natasha

---

**From:** Korgaonkar, Natasha <Natasha.Korgaonkar@ag.ny.gov>
**Sent:** Friday, October 24, 2025 2:05 PM
**To:** Elisabeth.J.Neylan@usdoj.gov; andrew.warden@usdoj.gov
**Cc:** Liebowitz, Benjamin <Benjamin.Liebowitz@ag.ny.gov>; Muqaddam, Rabia <Rabia.Muqaddam@ag.ny.gov>; Levine, Zoe <Zoe.Levine@ag.ny.gov>; Nora Passamaneck <nora.passamaneck@coag.gov>; Finnuala Tessier <Finnuala.Tessier@coag.gov>; David Moskowitz <David.Moskowitz@coag.gov>; Tresnowski, Michael <Michael.Tresnowski@ilag.gov>; Weaver, Robert <Robert.Weaver@ilag.gov>; Kate Sabatini <KSabatini@riag.ri.gov>; pmeosky <pmeosky@riag.ri.gov>
**Subject:** New York, et al. v. DOJ, et al., 1:25-cv-00499

Elisabeth,

The Plaintiff States reviewed Defendants' most recent filing and believe it would be beneficial to all parties to explore the possibility of resolving this litigation. Accordingly, we propose that Plaintiff States' dates for PI reply and for MTD opposition, as well as the enforcement date of the Legal Services with Aliens condition, all be pushed back by ~2 weeks to enable the parties time to explore the possibility of an agreement, as well as to ensure that the Court has the benefit of full briefing on the pending motions before it and time to decide them prior to your clients' current enforcement deadline. Under this plan, the PI reply would be due on 11/12, the MTD opposition on 11/19, and the enforcement date of the condition moved to 12/1. Even if we do not resolve this matter through such discussions, the additional time is reasonable because the inclusion of cross-motion to dismiss briefing was not contemplated in our scheduling discussions or in the alternative schedule presented to the Court in Defendants' stay motion.

We would appreciate your letting us know your position on this proposal by Monday, to enable time to apprise the Court of proposed changes to the schedule.

Thank you,
Natasha

**Natasha M. Korgaonkar | Special Counsel**
Office of the New York State Attorney General
Executive Division | Federal Initiatives
28 Liberty Street, New York, NY 10005
Ph: 212-416-6557
Natasha.Korgaonkar@ag.ny.gov


**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential,

privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.