## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, et al.,

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, et. al.

*Defendants*.

No. 1:25-cv-00499-MRD-AEM

## <u>PLAINTIFF STATES' OPPOSITION TO CROSS-MOTION TO DISMISS</u>

# TABLE OF CONTENTS

FACTS ...................................................................................................................... 2

   I.   Defendants Repeatedly and Consistently Stated that the Legal Services Condition Applied to, *inter alia*, VOCA Victim Assistance and VAWA Grants. ................................. 2

   II.  Defendants Changed their Position in Response to Plaintiff States' Preliminary Injunction Motion. ........................................................................................... 5

STANDARD OF REVIEW ....................................................................................... 6

ARGUMENT ............................................................................................................. 7

   I.   Venue in this District is Proper because all Plaintiff States, including Rhode Island, have Standing. ................................................................................................. 7

      a.   All Plaintiff States had Standing at the Commencement of this Action. ............... 8

      b.   Because all Plaintiff States, including the State of Rhode Island, Have Standing, Venue is also Proper. ........................................................................ 10

   II.   Even if Viewed as Raising Mootness, Defendants' Arguments Would Also Fail. ............................................................................................ 11

   III.  In the Alternative, the Court Should Order Limited Jurisdictional Discovery. ................. 13

CONCLUSION ........................................................................................................ 14

**INTRODUCTION**

Prior to filing this case, Plaintiff States for weeks conferred with Defendants on the scope of the applicability of the challenged Legal Services for Aliens Condition (the "Legal Services Condition," or the "Condition"). After receiving multiple notifications from Defendants regarding the Condition in August and September 2025, Plaintiff States requested that Defendants confirm which grants the Condition applied to—specifically whether the Condition applied to four grant programs: VOCA Victim Assistance, VOCA Victim Compensation, VAWA, and the Byrne JAG grants. That correspondence, which is already detailed in Plaintiff States' Reply brief in Support of their Motion for Preliminary Injunction, ECF No. 34 ("PI Reply") at 2–5, concluded in Defendants' consistently representing that the Condition applied to all four grants. *See id*. at 4.

Defendants now argue that this District lacks venue because, as they have represented for the first time in their Cross-Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 28-1 ("Cross-Motion") at 8–9, 21–22, the Condition does not apply to VOCA Victim Assistance grants—the grant program regarding which the State of Rhode Island provided a declaration in support of Plaintiff States' Motion for Preliminary Injunction. ECF No. 3 ("PI Motion"). It follows, according to Defendants, that Plaintiff State Rhode Island, and certain other Plaintiff States, do not have standing to challenge the Legal Services Condition. Defendants further argue that Rhode Island's alleged lack of standing makes the District of Rhode Island an improper venue for this action.

Defendants' opportunistic about-face is an effort to evade this Court's review of their unlawful actions by way of an unenforceable disavowal of positions previously communicated to Plaintiff States regarding the applicability of the Condition, and is insufficient to defeat all Plaintiff States' clear showing of standing. This change in position is also too late; both standing and venue

1

are determined at the time when an action is filed. All Plaintiff States, including the State of Rhode Island, have standing in this case, and venue in the District of Rhode Island is proper. The Court should reject Defendants' gamesmanship and deny their Cross-Motion to Dismiss. In the alternative, the Court should order limited, jurisdiction-focused discovery, and provide an opportunity for further briefing to this Court before the Court rules on the arguments in the Cross-Motion related to dismissal under Federal Rule 12(b)(3).

## FACTS

Plaintiff States, a coalition of 20 States and the District of Columbia, commenced this action on October 1, 2025, seeking injunctive and declaratory relief regarding Defendants' unlawful imposition of Defendants' Legal Services Condition on a range of Department of Justice ("DOJ") grants, including VOCA Victim Assistance, VOCA Victim Compensation, Byrne JAG, and VAWA grants. ECF No. 1, Complaint. Prior to seeking intervention from this Court, Plaintiff States repeatedly conferred with Defendants regarding whether they planned to apply the Legal Services Condition to each of these four grant programs. Defendants represented that the Condition "applies to all DOJ awards." PI Reply at 4.

The factual background concerning Defendants' imposition of the Legal Services Condition is more fully set forth in Plaintiff States' Memorandum of Law in Support of the Motion for a Preliminary Injunction and the supporting declarations and exhibits cited therein, PI Motion at 3–16, as well as Plaintiff States' PI Reply, which are incorporated by reference here. For the sake of clarity, those facts are summarized and reiterated below.

I.     **Defendants Repeatedly and Consistently Stated that the Legal Services Condition Applied to, *inter alia*, VOCA Victim Assistance and VAWA Grants.**

On August 18, Defendant Office of Justice Programs ("OJP") emailed notices to each Plaintiff State for each open VOCA Victim Assistance, VOCA Victim Compensation, and Byrne

JAG grant stating that, "effective immediately," grant funds could not be used to provide legal services for certain immigrants. *See* Complaint Ex. 3 (August 18, 2025 notice); *see also* PI Motion at 10–11, and declarations and exhibits cited therein. These emailed notices were not accompanied by any further guidance or explanation from OJP.

On September 15, OJP sent another round of emails referencing the same grants, informing recipients that, beginning on October 31, 2025, the August 18 notice "will be implemented as specified in the *DOJ Grants Financial Guide*." *See* Complaint Ex. 4 (September 15, 2025 notice). Unlike the version of the condition in the August 18 notice, the Legal Services Condition in the DOJ Grants Financial Guide contained an exclusion, which stated that legal services for aliens would be permitted if "disallowance would contravene any express requirement of any law, or of any judicial ruling, governing or applicable to the award" (the "disallowance clause"). *See* PI Motion at 12. As with the August emails, no further explanations or guidance were provided—including none concerning what would constitute "an express requirement of any law."

Before their Cross-Motion to Dismiss, Defendants had never asserted that the disallowance clause meant that the Legal Services Condition did not apply to certain grant programs, and in fact refused to do so. On the contrary, through a series of communications, Defendants suggested that it applied *across the board*. PI Reply at 3. Because the DOJ Grants Financial Guide applies to all DOJ grants—not just those administered by OJP—Plaintiff States sought clarification on the application of the Legal Services Condition and to which grant programs it applies. In a September 19 email, Plaintiff States requested confirmation that the Legal Services Condition did not apply to any DOJ grants other than VOCA Victim Assistance and Victim Compensation, and Byrne awards prior to September 15, 2025 (namely, the awards for which Plaintiff States received emailed notices in both August and September). Specifically, Plaintiff States asked whether it was

Defendants' position that the Condition applied to "VAWA, including the FY2025 awards issued in August." PI Reply Ex. 1 at 6. Defendants responded, "[t]o the extent your question is what *OJP awards* does the Aug./Sept notices apply, the answer is OJP award recipients who received the notices." *Id.* at 5 (emphasis added).

Given that Plaintiff States received August 18 and September 15 notices for VOCA Victim Assistance and Victim Compensation grants (among others), Defendants' response appeared to confirm that the Legal Services Condition applied to these grants despite the disallowance clause. Defendants' email did not, however, answer Plaintiff States' question on VAWA grants, which are administered by Defendant Office of Violence Against Women ("OVW") rather than OJP. Plaintiff States therefore asked Defendants for further clarification regarding whether the Legal Services Condition applied to VAWA, as well as VOCA grants post-dating the notices concerning the Legal Services Condition. *Id.* After some additional back-and-forth emails, on September 25, Defendants informed Plaintiff States that the terms of the DOJ Grants Financial Guide, including the Legal Services Condition, "applies to all DOJ awards." *Id.* at 1. The only condition Defendants noted on this global application was that "[d]epending on the subject matter and scope of the grant . . . the legal services provision may not have any relevance because the grant does not contemplate the provision of legal services." *Id.* Such caveat would not apply to VOCA Victim Assistance or VAWA grants, which explicitly provide for legal services. *See* Complaint ¶¶ 104–107. Plaintiff States responded, "we have been trying to ascertain whether the condition applies to VAWA and other grants that did not receive a notice. From your response, we understand the condition to apply to VAWA." PI Reply Ex. 1 at 1. Defendants did not dispute Plaintiff States' understanding.

Indeed, Defendants confirmed this understanding when the DOJ sent VAWA grantees a September 30, 2025 notification of the addition of the Legal Services condition to the DOJ Grants

Financial Guide. PI Motion Ex. 4, Colorado (Lunn Decl.) ¶ 33, Attachment 1. The notice specifically referenced the application of the Guide to OVW grants—that is, to VAWA grants. Understanding that the Legal Services Condition applied to VOCA Victim Assistance, VAWA, and all other DOJ grants that contemplate the provision of legal services, Plaintiff States initiated this action, filing their Complaint and Motion for Preliminary Injunction on October 1, 2025.

## II. Defendants Changed their Position in Response to Plaintiff States' Preliminary Injunction Motion.

On October 22, 2025, Defendants filed their Cross-Motion to Dismiss and Opposition to Plaintiffs' Motion for a Preliminary Injunction. In that document, for the first time, Defendants offered a different position on the applicability of the Legal Services Condition. Defendants newly argued that "by its own express terms, the legal-services-for-aliens provision does not apply to VOCA's Victim Assistance Program or VAWA Program." Cross-Motion at 22. This new assertion is nothing more than attorney argument with no factual backing or explanation for the about-face. At no point in their brief do they explain why they sent notice of the new provision *specifically* to recipients of the VOCA Victim Assistance Program, or why they did not disclaim application of the provision to VAWA when specifically asked by Plaintiff States. Moreover, at no point did Defendants convey to Plaintiff States' grant-administering agencies that any of the representations in the previous notices regarding the Legal Services Condition were changed, or that the Condition did not apply to some of the grants for which notifications were received. Ex. 1, Rhode Island (Supplemental Hogan Decl.). Notably, even in the declaration provided by Defendants in support of their Cross-Motion and PI Opposition, the OJP declarant offers no statement regarding Defendants' new reading of the Legal Services Condition. *See* ECF No. 28-2, OJP (R. Johnson Decl.). Defendants cite no evidence of any agency adoption of their litigation-focused position. *See* Cross-Motion at 21–22 (citing no evidence).

5

Finally, following Defendants' apparent change of position, Plaintiff States inquired as to whether Defendants were "willing to stand by" the new representations in their brief by entering a stipulation using "language based on [Defendants'] representations, as well as to address any other latent ambiguities." PI Reply at 8, n.4 Ex. 2. Defendants were not. *Id.* Rather than agreeing to be bound in a stipulation by the representations Defendants made in their own briefing, as well as clarify ambiguities that could potentially resolve the instant dispute, Defendants rejected the proposed stipulation wholesale and stated that "we do not think further discussion would be productive at this time." *Id*.

## STANDARD OF REVIEW

A Rule 12(b)(3) motion to dismiss premised on venue may be granted only if venue is "wrong" or "improper." *Krick v. Raytheon Company*, 695 F. Supp. 3d 202, 209 (D. Mass. 2023). When ruling on a motion to dismiss under Rule 12(b)(3), "the Court must treat all facts pled in the Complaint as true and draw all reasonable inferences in the plaintiff's favor, unless contradicted by the defendant's affidavits." *Rodriguez Aragones v. Pompeo*, 2019 WL 6133957, at *1 (D.R.I. Nov. 19, 2019) (citing *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 447 (D. Mass. 2011)); *see also Turnley v. Banc of Am. Inv. Services, Inc.*, 576 F. Supp. 2d 204, 211 (D. Mass. 2008). A district court also "'may examine facts outside the complaint to determine whether venue is proper.'" *Krick*, 695 F. Supp. 3d at 209 (quoting *Blacksmith Invs., LLC v. Cives Steel Co.*, 228 F.R.D. 66, 70 (D. Mass. 2005)).

Here, Defendants challenge venue on the basis of Plaintiff State Rhode Island's alleged lack of standing. "Just as the plaintiff bears the burden of plausibly alleging a viable cause of action . . . so too the plaintiff bears the burden of pleading facts necessary to demonstrate standing" and each "element of standing 'must be supported in the same way as any other matter on which

the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (internal citations omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "Like the majority of [its] sister circuits" the First Circuit applies "the plausibility standard applicable under Rule 12(b)(6) to standing determinations at the pleading stage." *Id.*

## ARGUMENT

Defendants argue that "Rhode Island has failed to make [the required showing for venue] because … its only open awards are through VOCA's Victim Assistance Program."  Cross-Motion at 8. This argument rests solely on their new litigation position that the Condition does not apply to VOCA Victim Assistance grants. But critically, that new position does not change that all Plaintiff States had a personal stake in this action at its commencement. Defendants' argument, at most, raises questions of mootness—whether Defendants' disavowal during this litigation partially moots the case. But that is irrelevant to whether this Court has venue.

**I.    Venue in this District is Proper because all Plaintiff States, including Rhode Island, have Standing.**

Defendants' sole basis for arguing lack of venue rests on their assertion that Plaintiff State of Rhode Island does not have standing. *See* Cross-Motion at 9 ("Because Rhode Island lacks standing, venue is improper in this District."). Defendants' argument that venue does not lie in this District because the State of Rhode Island does not have standing is built on a set of logical steps that all ultimately rely on new attorney representations that the Condition does not apply to certain grants regarding which Defendants previously and consistently represented otherwise. This argument fails—all Plaintiff States have standing—and venue in this District is proper.

7

### a. All Plaintiff States had Standing at the Commencement of this Action.

To demonstrate standing, a plaintiff must show "'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Nat'l Ass'n of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 909–10 (1st Cir. 2024) (quoting *Hein v. Freedom From Religion Found., Inc*., 551 U.S. 587, 598 (2007)). "[T]he doctrine of standing measures whether a plaintiff has satisfied the 'personal stake' requirement *at the commencement of an action*." *Ramirez v. Sanchez Ramos*, 438 F.3d 92, 97 (1st Cir. 2006) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)) (emphasis added).

At the commencement of this litigation, Defendants' clear position was that VOCA Victim Assistance and VAWA grants were subject to the Condition. Specifically, each Plaintiff State received multiple notices from Defendants of the challenged Condition's applicability to VOCA Victim Assistance (among other grant programs). In response to Defendants' unwavering position on the applicability of the Condition to the various grant programs discussed in this action, Plaintiff States, including the State of Rhode Island, took affirmative steps towards compliance with the Condition in anticipation of its November 14 effective date. Ex. 1, Rhode Island (Supplemental Hogan Decl.). *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 169 (2000) (finding that injury-in-fact was adequately established by affiants' testimony concerning "reasonable concerns" about the impact of defendant's conduct). And at no point prior to, or outside of, their Cross-Motion have Defendants conveyed to impacted Plaintiff State agencies that the Condition did not actually apply to either VOCA Victim Assistance or to VAWA. Ex. 1, Rhode Island (Supplemental Hogan Decl.) ¶ 7. As a result, at the commencement of this action, Plaintiff States had a personal injury traceable to Defendants' conduct and redressable by

8

the declaratory and injunctive relief requested.[1] *Katz v. Pershing*, 672 F.3d 64, 71 (1st Cir. 2012) (outlining standing elements of injury, causation, and redressability) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). In other words, each Plaintiff State, including Rhode Island, has demonstrated that, at the time of the Complaint and absent relief from this Court, compliance with the Legal Services Condition would cause irreparable harm to their agencies administering these DOJ grants by, among other things, requiring them to develop costly, complex, and new systems to exclude from services residents who cannot demonstrate that they are not a "removable alien" or "any alien otherwise unlawfully present." *See* Complaint ¶¶ 76–90.

Despite this showing, Defendants argue that the State of Rhode Island, and certain other Plaintiff States,[2] do not have standing because the declarations that those states submitted in support of the PI Motion pertain to VOCA Victim Assistance or to VAWA, and the Condition "does not apply" to those grant programs. *See* PI Motion Ex. 2, Arizona (Coleman Decl.), Ex. 3, California (Hammett Decl.), Ex. 4, Colorado (Lunn Decl.), Ex. 6, Delaware (Kervick Decl.), Ex. 9, Maine (Gorneau Decl.), Ex. 10, Maine (Johnson Decl.) Ex. 16, New Mexico (Zubia Decl.), Ex.

---

[1] Defendants' post-complaint about-face does not rebut the facts alleged in the Complaint. Not only does it come later in time, and therefore cannot change standing, but it also lacks any force and effect as it is attorney argument only. Indeed, Defendants remain unwilling to make their new position enforceable in any way beyond an attorney representation. *See* Facts, § II. Defendants are in effect leveraging the very ambiguity in the Legal Services Condition that renders it constitutionally infirm, *see* PI Motion at 20–22, in an attempt to evade this Court's review by suggesting through an attorney representation that Plaintiff States have simply misunderstood the condition's applicability.

[2] Defendants make the same standing argument as to the State of Rhode Island, the State of Arizona, the State of California, the State of Colorado, the State of Delaware, the State of Maine, the State of New Mexico, the State of Wisconsin, and the State of Nevada, and request the Court to dismiss each of these states on standing grounds. Cross-Motion at 22 n.6. Although Defendants' standing argument as to the State of Rhode Island is the only basis for their seeking dismissal under Rule 12(b)(3), standing is based on the allegations of the Complaint, not only the declarations submitted in support of Defendants' Motion for Preliminary Injunction. All arguments contained herein regarding the State of Rhode Island's standing apply with equal force as to each of these other Plaintiff States.

23, Wisconsin (Phelps Decl.), Ex. 26, Nevada (Hoban Decl.). Beyond contradicting all of their prior statements, Defendants' litigation position ignores that at the time this action was filed, Defendants had consistently represented that the Condition applied to these grants. It is Defendants' prior statements that provide ample basis for standing of all Plaintiff States at the commencement of this action. *See* Complaint ¶¶ 76–90. Indeed, all Plaintiff States, including Rhode Island, hold a reasonable concern that the Legal Services Condition will be enforced against each of the programs for which they received notices. Ex. 1, Rhode Island (Supplemental Hogan Decl.) ¶ 8. All Plaintiff States have standing.

> **b.  Because all Plaintiff States, including the State of Rhode Island, Have Standing, Venue is also Proper.**

Like standing, the Court's venue is determined at the time of filing the action. When defendants are federal agencies, or officers or employees thereof, venue is proper in a district where "a substantial part of the events or omissions giving rise to the claim occurred," or where "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Critically, "[j]urisdiction is determined based on whether it existed at the time the plaintiff filed the original complaint" *U.S. ex rel. Est. of Cunningham v. Millennium Lab'ys of Cal., Inc.*, 713 F.3d 662, 664 (1st Cir. 2013) (citing *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 23 (1st Cir. 2001)).

Here, the events giving rise to Plaintiff States' claims include Defendants effecting multiple notices regarding the Legal Services Condition and various communications from Defendants to Plaintiff States regarding the enforceability of that Condition against, *inter alia*, VOCA Victim Assistance and VAWA grants. Venue in this District is proper because Plaintiff State Rhode Island is a resident of this District, and for Rhode Island, each of these events took place within this District.

Defendants' post-complaint statements in their Cross-Motion do not defeat venue, because jurisdiction of the Court is evaluated at the time when an action is brought, and "cannot be ousted by subsequent events." *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952); *see also Mollan v. Torrance*, 22 U.S. 537 (1824) ("[J]urisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events"); *also N-N v. Mayorkas*, 540 F. Supp. 3d 240, 253 (E.D.N.Y. 2021) ("Once venue is established, it is not affected by subsequent events."); *Keitt v. New York City*, 882 F. Supp. 2d 412, 459 n.44 (S.D.N.Y. 2011) ("Venue is determined based upon the parties and allegations at the time the operative complaint is filed, not subsequent events."); *Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021) ("[V]enue [is] determined at the outset of litigation and [is] not affected by subsequent events") (citation omitted). Venue is proper in this District.

## II.    Even if Viewed as Raising Mootness, Defendants' Arguments Would Also Fail.

While Defendants have framed their motion in terms of standing, their arguments raise, at most, questions of mootness based on their new post-Complaint litigation position. Properly framed, Defendants have failed to meet their heavy burden to show mootness. And in any event, mootness has no relevance to venue, which is determined at the outset of the case and not affected by subsequent events.

A case is moot "when the court cannot give any 'effectual relief' to the potentially prevailing party." *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004) (citation omitted). The "'heavy' burden of showing mootness is on the party raising the issue. *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 88 (1st Cir. 2008)). As discussed at length, Defendants' announcement of a new litigation position—that the Legal Services Condition does not apply to VOCA Victims Assistance or VAWA

11

grants—is too late to defeat standing and far too little to meet their "heavy burden" to extinguish the live controversy at issue here. Prior to litigation, Defendants repeatedly confirmed the Legal Services Condition applied to all DOJ awards and expressly told VOCA Victim Assistance grantees that they had to comply. Defendants cannot evade this Court's review through an attorney argument in a brief that has no binding effect. There is no assurance that Defendants will not promptly abandon their new litigation-based reading of the Condition in the event this action is dismissed.

Moreover, the voluntary cessation exception precludes application of the mootness doctrine. "Voluntary cessation of challenged conduct moots a case ... only if it is '*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (citation omitted). "The voluntary cessation exception 'traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior.'" *Am. Civil Liberties Union of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 54 (5th Cir. 2013) (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)). Without this rule, "a defendant could immunize itself from suit by altering its behavior so as to secure a dismissal, and then immediately reinstate the challenged conduct afterwards." *Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 49 (1st Cir. 2010). The doctrine of voluntary cessation "creates a 'formidable burden' for defendants" precisely "[t]o prevent this kind of gamesmanship." *Illinois v. Fed. Emergency Mgmt. Agency*, No. CV 25-206 WES, 2025 WL 2716277, at *6 (D.R.I. Sept. 24, 2025) (quoting *FBI v. Fikre*, 601 U.S. 234, 241 (2024)). Defendants have not overcome the "formidable burden" required to avoid the voluntary cessation exception.

At bottom, Defendants cannot leverage their new litigation position as a shield to this Court's review while maintaining the option to again reverse that position to later wield the Legal Services Condition as a sword. *See Lopez v. Candaele*, 630 F.3d 775, 788 (9th Cir. 2010) ("The government's disavowal must be more than a mere litigation position" to defeat standing); *Siders v. City of Brandon*, 123 F.4th 293, 300 (5th Cir. 2024) (same); *Yoder v. Bowen*, 146 F.4th 516, 525 (6th Cir. 2025) (same). Given their repeated contrary statements prior to litigation, their failure to enshrine this litigation position in any new policy or public guidance, and their unwillingness to enter into a stipulation, Defendants' strategically offered litigation position is insufficient to moot the case or overcome the voluntary cessation exception. Even in their Motion, Defendants have at best equivocated, acknowledging that they have broad discretion in determining whether to reimburse certain types of legal services. *See* Cross-Motion at 20–21. Based on these unique circumstances, Defendants have not met their heavy burden to demonstrate mootness of any of Plaintiff States' claims. *See, e.g.*, *Bell v. City of Boise*, 709 F.3d 890, 900 (9th Cir. 2013) (rejecting mootness "where the government is otherwise unconstrained" to maintain the new policy).

### III.    In the Alternative, the Court Should Order Limited Jurisdictional Discovery.

Defendants' argument that the Condition does not apply to VOCA Victim Assistance or VAWA grants is argument only; Defendants offer no evidence calling into question the lengthy allegations in the Complaint establishing Plaintiff States' standing. If this Court were to credit such statements, however, the proper course at this juncture would not be dismissal, but to order jurisdictional discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). Plaintiff States should be permitted to take discovery concerning: (i) the timing of Defendants' purported change of position, and (ii) the concreteness and finality of that

decision. If Defendants' briefing is sufficient to raise an issue concerning whether venue is appropriate—which Plaintiff States maintain it is not—then both of these questions of fact should be resolved through discovery prior to any decision on whether venue in this District is proper.

## CONCLUSION

Accordingly, this Court should deny Defendants' Cross-Motion to Dismiss, or, in the alternative, order the parties to engage in limited jurisdictional discovery and provide additional briefing to the Court.

Dated: November 5, 2025                                          Respectfully submitted,


**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Natasha M. Korgaonkar*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
Natasha M. Korgaonkar
*Special Counsel*
Zoe Levine
*Special Counsel*
Benjamin Liebowitz
*Assistant Attorney General*
28 Liberty St. New York, NY 10005
212-416-6557
Natasha.Korgaonkar@ag.ny.gov

*Attorneys for the State of New York*


**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz
*Deputy Solicitor General*
Nora Passamaneck
*Senior Assistant Attorney General*
Finnuala K. Tessier
*Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*


**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Michael M. Tresnowski*
Michael M. Tresnowski
*Assistant Attorney General*
Alex Hemmer
*Deputy Solicitor General*
Christopher G. Wells


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Patrick J. Dolan*
Patrick J. Dolan (RI No. 10462)
*Senior Counsel to the Attorney General*
Paul T.J. Meosky (RI No. 10742)
*Special Assistant Attorney General*
150 South Main Street

14

*Chief of the Public Interest Division*
R. Henry Weaver
*Assistant Attorney General*
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 758-4496
Michael.Tresnowski@ilag.gov

*Attorneys for the State of Illinois*

Providence, RI 02903
(401) 274-4400
PDolan@riag.ri.gov
PMeosky@riag.ri.gov

*Attorneys for the State of Rhode Island*

**KRISTIN K. MAYES**
Attorney General of Arizona

By: */s/ Joshua G. Nomkin*
Joshua G. Nomkin
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Nomkin@azag.gov

*Attorney for the State of Arizona*

**ROB BONTA**
Attorney General for the State of California

Michael L. Newman
*Senior Assistant Attorney General*
Joel Marrero
*Supervising Deputy Attorney General*
Jesse Basbaum
Brian Bilford
Luke Freedman
Lee I. Sherman
*Deputy Attorneys General*

By: */s/ Christopher P. Tenorio*
Christopher P. Tenorio
*Deputy Attorney General*
California Department of Justice
600 W. Broadway, Suite 1800
San Diego, CA 92101 (619) 738-9000
Christopher.Tenorio@doj.ca.gov

*Attorneys for the State of California*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: */s/ Mitchell P. Reich*
Mitchell P. Reich
*Senior Counsel to the Attorney General*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Ashley Meskill*
Ashley Meskill
Assistant Attorney General
Connecticut Office of the Attorney General

15

Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 279-1261
mitchell.reich@dc.gov

*Attorney for the District of Columbia*

165 Capitol Avenue
Hartford, CT 06106
(860) 808-5270
ashley.meskill@ct.gov

*Attorney for the State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: /s/ *Ian R. Liston*
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Rose Gibson
Assistant Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Ian.Liston@delaware.gov

*Attorneys for the State of Delaware*

**AARON M. FREY**
Attorney General for the State of Maine

By: /s/ *Stanley Abraham*
Stanley Abraham
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
Stanley.Abraham@maine.gov

*Attorney for the State of Maine*

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Virginia A. Williamson*
Virginia A. Williamson
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6584
VWilliamson@oag.state.md.us

*Attorney for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth of Massachusetts

By:  /s/ *Michelle R. Pascucci*
Katherine B. Dirks
Chief State Trial Counsel
Michelle Rita Pascucci
State Trial Counsel
1 Ashburton Place
Boston, Massachusetts 02108
(617) 963-2255
Katherine.Dirks@mass.gov
Michelle.Pascucci@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

16

**DANA NESSEL**
Attorney General of Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti
John Pallas
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
PallasJ@michigan.gov

*Attorneys for the State of Michigan*


**AARON D. FORD**
Attorney General for the State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Attorney for the State of Nevada*


**RAÚL TORREZ**
Attorney General for the State of New Mexico

By: */s/ Mark Noferi*
Mark Noferi
*Senior Litigation Counsel*
NM Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 490-4060

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us

*Attorney for the State of Minnesota*


**MATTHEW J. PLATKIN**
Attorney General of New Jersey

By: */s/ Meghan Musso*
Meghan Musso
Amanda McElfresh
*Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-5276
meghan.musso@law.njoag.gov

*Counsel for the State of New Jersey*


**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000

17

MNoferi@nmdoj.gov

*Attorney for the State of New Mexico*


**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov

*Attorney for the State of Vermont*

Scott.Kennedy@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*


**NICHOLAS W. BROWN**
Attorney General of Washington

By: */s/ Benjamin Seel*
Benjamin Seel
*Assistant Attorney General*
Marsha Chien
Cristina Sepe
*Deputy Solicitors General*
Washington State Office
of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Benjamin.Seel@atg.wa.gov

*Attorneys for the State of Washington*


**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

By: */s/ Colin T. Roth*
Colin T. Roth
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636
colin.roth@wisdoj.gov

*Attorney for the State of Wisconsin*

18