UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>     *Plaintiffs*,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et. al.<br><br>     *Defendants*. | No. 1:25-cv-00499-MRD-AEM |

**JOINT MOTION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE
SUBJECT TO THE TERMS OF THE PARTIES' STIPULATION**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Defendants United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; Office of Justice Programs; Maureen Henneberg, in her official capacity as Deputy Assistant Attorney General for the Office of Justice Programs; Office for Victims Of Crime; Katherine Darke Schmitt, in her official capacity as Acting Director of the Office for Victims of Crime; Bureau of Justice Assistance; Tammie Gregg, in her official capacity as Acting Director of the Bureau of Justice Assistance; Office on Violence Against Women; and Ginger Baran Lyons, in her official capacity as Deputy Director for Grants Development and Management of the Office on Violence Against Women ("Defendants"), and Plaintiff State of Wisconsin (collectively, the "Remaining Parties")[1] move the Court to dismiss Plaintiff's Complaint without prejudice subject to the terms of the below stipulation.

---

[1] Plaintiffs State of New York; State of Colorado; State of Illinois; State of Rhode Island; State of Arizona; State of California; District of Columbia; State of Connecticut; State of Delaware; State of Maine; State of Maryland; Commonwealth of Massachusetts; State of Michigan; State of Minnesota; State of Nevada; State of New Jersey; State of New Mexico; State of Oregon; State

1

WHEREAS, Plaintiffs filed the Complaint and Motion for Preliminary Injunction in this action on October 1, 2025 (ECF Nos. 1, 3);

WHEREAS, Plaintiffs' Complaint alleges that Defendants' adoption of a provision restricting the use of Department of Justice grant funds to provide legal services for certain immigrants as recited in the DOJ Grants Financial Guide (the "Legal Services Provision") is contrary to law, arbitrary and capricious, and unconstitutional;

WHEREAS, the Legal Services Provision provides that:

> [C]osts of providing legal services (that is, professional services of the kind lawfully provided only by individuals licensed to practice law) to any removable alien (*see* 8 U.S.C. § 1229a(e)(2)) or any alien otherwise unlawfully present in the United States are disallowed and may not be charged against the award.

Grants Guide, Ch. 3.13;

WHEREAS, the Legal Services Provision further specifies that "[c]osts for legal services disallowed under the preceding sentence do not include costs for legal services":

> (1) to obtain protection orders for victims of crime (including associated or related orders (e.g., custody orders), arising from the victimization); (2) that are associated with or relate to actions under 18 U.S.C. ch. 77 (peonage, slavery, and trafficking in persons); (3) to obtain T-visas, U-visas, or "continued presence" immigration status (see, e.g., 8 U.S.C. § 1101(a)(15)(T) & (U); 22 U.S.C. § 7105(c)(3)(A)); or (4) as to which such disallowance would contravene any express requirement of any law, or of any judicial ruling, governing or applicable to the award.

*Id.* (the "Unallowable Costs" provision);

WHEREAS, regulations currently in effect and applicable to the Victims of Crime Act ("VOCA") Victim Assistance grants and grants made under the Violence Against Women Act ("VAWA") provide that: "[v]ictim eligibility under this program for direct services is not dependent

---

of Vermont; and State of Washington (collectively, with the State of Wisconsin, "Plaintiffs") have already dismissed their claims without prejudice on terms stipulated with Defendants. *See* ECF No. 39.

on the victim's immigration status." 28 C.F.R. §§ 94.103(a), 94.116 (VOCA Victim Assistance); *id*. § 90.4(c) (VAWA);

WHEREAS, in opposition to Plaintiffs' Motion for Preliminary Injunction, Defendants asserted, among other things, that the Legal Services Provision "does not apply to VOCA's Victim Assistance Program or VAWA Programs," s*ee* ECF No. 28-1, at 22; *see also id.* at 8, because, due to the regulations currently in effect and applicable to those grant programs, *see* 28 C.F.R. §§ 94.103(a), 94.116 (VOCA Victim Assistance); *id.* § 90.4(c) (VAWA), disallowing costs incurred under those programs pursuant to the challenged provision "would contravene an[] express requirement of . . . law," Grants Guide, Ch. 3.13—namely, the requirement in the regulations that eligibility not be dependent on immigration status;

WHEREAS, Plaintiff State of Wisconsin has agreed to dismiss the Complaint without prejudice subject to Defendants' stipulation to their statements interpreting the Legal Services Provision as applied to VOCA Victim Assistance and VAWA grants;

THEREFORE, the Remaining Parties do HEREBY STIPULATE AND AGREE as follows:

1. With respect to Plaintiff State of Wisconsin's current open grant awards under the VOCA Victim Assistance and VAWA grant programs, Defendants agree that the Legal Services Provision does not apply to those grant awards;

2. Plaintiff State of Wisconsin reserves all rights with respect to any arguments, defenses, or actions regarding any grants or programs containing an "Unallowable Costs" provision;

3. On the basis of Defendants' representations in this stipulation, the Remaining Parties agree that the Complaint shall be dismissed without prejudice; and

4. All parties will bear their own fees and costs.

Accordingly, the Remaining Parties respectfully request that the Court dismiss the Complaint without prejudice subject to terms of the above stipulation. Because Plaintiff State of Wisconsin is the sole remaining plaintiff in this case (*see* ECF No. 39), this case can be closed once the State of Wisconsin's claims are dismissed without prejudice.

Dated: December 11, 2025                                             Respectfully submitted,

*Counsel for Defendants*

By: */s/ Elisabeth J. Neylan*
Brett A Shumate
*Assistant Attorney General, Civil Division*
Yaakov M. Roth
*Principal Deputy Assistant Attorney General*
Andrew I. Warden
*Assistant Branch Director*
Elisabeth J. Neylan
N.Y. Bar Reg. No.: 6125736
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 616-3519
Elisabeth.J.Neylan@usdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

By:     */s/ Colin T. Roth*
Joshua L. Kaul
*Attorney General of Wisconsin*
Colin T. Roth
*Assistant Attorney General*
State Bar #1103985
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov